## C. R. BOLICH v. THE PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY.

(Filed 28 June, 1933.)

1. **Insurance P b—Where evidence is sufficient to sustain liability under any provisions of policy nonsuit is properly refused.**

   Evidence that insured was injured by being struck in the face by a stream of hot water suddenly emitted from the radiator of an automobile after a violent combustion in the automobile when a mechanic stepped on the starter, and that insured was thereby disabled from work for a period of time and gave notice of the accident as soon as reasonably possible, *is held*, sufficient to overrule insurer's motion as of nonsuit on a policy providing for liability if insured lost time from work as a result of injury incurred solely by the happening of a purely accidental event resulting from the explosion of an automobile, and gave notice thereof within a specified time or as soon as reasonably possible.

2. **Same—Trial court's definition of term "explosion" held not erroneous.**

   In determining liability under a policy providing for the payment of a certain sum for injury caused by the explosion of an automobile, the word "explosion" will be construed in its popular and not its scientific sense, and the trial court's definition of the term upon evidence tending to show that insured was injured by a stream of hot water suddenly emitted from the radiator of an automobile after a terrible combustion in the motor when a mechanic stepped on the starter *is held* not erroneous.

3. **Same—Where policy unambiguously defines loss of sight as irrecoverable loss of entire sight the term may not be enlarged by construction.**

   Where the unambiguous language of a policy of accident insurance defines loss of sight as the irrecoverable loss of the entire sight, it is error for the trial court to enlarge the construction of the term in his charge to the jury as the entire loss of sight for practical purposes.

APPEAL by defendant from *Oglesby, J.,* at October Term, 1932, of STANLY. New trial.

This is an action on a policy of insurance by which the defendant, in consideration of an annual premium of ten dollars, insured the plaintiff, in the principal sum of $5,000, "against loss of life, limb, limbs, sight or time, resulting without other contributing cause from bodily injury which is effected solely by the happening of a purely accidental event and which is sustained by the insured during the life of the policy, and only as the result of (a) driving, demonstrating, or riding in an automobile; (b) being struck, run down or run over by a moving automobile; (c) the burning or explosion of an automobile; (d) suffocation caused solely by carbon monoxide gas from the exhaust of an automobile; (e) cranking an automobile; all in the manner and to the extent hereinafter provided."

It is provided in the policy that for the loss of an eye resulting from a bodily injury covered by the policy, the defendant will pay to the plaintiff one-third of the principal sum, and that the loss of an eye shall mean the irrecoverable loss of the entire sight thereof.

It is further provided in the policy that if the plaintiff shall sustain an injury covered by the policy, but not resulting in any specific loss mentioned therein, the defendant will pay to the plaintiff certain sums as indemnity for his loss of time, and for medical and hospital expenses, dependent upon whether plaintiff shall be wholly or only partially disabled during such time as the result of the injury.

It is further provided in the policy that written notice of an injury on which a claim may be based must be given by the plaintiff to the defendant, or its authorized agent within twenty days after the date of the accident causing such injury. Failure to give notice within the time provided in the policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice, and that notice was given as soon as was reasonably possible.

The action was begun on 30 April, 1931. It was admitted at the trial that the policy sued on was in full force at the date of the accident which resulted in the bodily injury sustained by the plaintiff, as alleged in the complaint. At said date plaintiff was the manager of the Stanly Auto Company. With respect to the accident and his resulting injury, the plaintiff testified as follows:

"About four o'clock in the evening of 1 May, 1929, Mr. Ed. Snuggs, who had purchased from the Stanly Auto Company, a Model A Ford, drove into the garage and said to me that his car seemed to be heating, and asked me to drive with him for a demonstration. We drove up the Salisbury road about six miles, and on our return drove into the garage. I stepped out of the car and called a mechanic, and requested him to examine the car to discover what was wrong with it. He filled the radiator with water, and got into the car. He stepped on the starter, and the exhaust of the motor blew up. It threw water to the ceiling. I was standing in front of the car, but was not looking into the radiator. The water was hot, and struck me in the face. When the mechanic stepped on the starter, there was a terrible combustion in the motor. I was blinded by the hot water which struck me in the face.

"I was taken first to the Yadkin Hospital, where I remained about two weeks. I was then taken to Charlotte, where my eye was treated by specialists. For seven weeks, I was absolutely blind in my right eye. For all practical purposes I do not consider my right eye worth anything to me now. I cannot see to read with my right eye; I cannot

see to figure or write with it. From the point of vision, I do not think my right eye is any better since I left the hospital. I can see large objects close to me, but I cannot look at any ordinary object through my right eye for any length of time. The object will blur, but by continually batting my eyes, I can see the object. I cannot hold my sight. I have never had my right eye fitted with glasses so that I can see. I have tried several oculists. The sight of my right eye is not entirely gone.

"After the accident I communicated with the defendant about 4 June, 1929. I gave the last notice of my claim under the policy on 2 October, 1929. I was compelled to wait until the doctors relieved me of my injury. I gave the notice as soon as I could."

There was evidence tending to corroborate the testimony of the plaintiff, both as to the accident and as to his injury. All the evidence tended to show that the injury to plaintiff's eye is permanent, but that he has not sustained a loss of the entire sight of his right eye. Because of his injury, plaintiff was unable to do any work for about three and one-half months. Since his return to his work, he has not been able to perform all his usual duties as manager of the Stanly Auto Company.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the explosion of an automobile as provided in the policy of insurance? Answer: Yes.

2. If so, did said explosion and injury cause the irrecoverable loss of the sight of plaintiff's right eye within thirty days after said accident, as provided in the policy and as alleged in the complaint? Answer: Yes.

3. How long was plaintiff totally disabled, if he was disabled, on account of the explosion of an automobile and the injury occasioned thereby as alleged in the complaint? Answer: ..........

4. How long was the plaintiff partially disabled, if he was disabled at all, on account of the explosion of an automobile and the injury occasioned thereby as alleged in the complaint? Answer: .........

5. Did the plaintiff comply with the requirements of the policy of insurance regarding the giving of notice and the furnishing of affirmative proof of loss? Answer: Yes."

Under the instructions of the court, the jury having answered the first and second issues, "Yes," did not answer the third or the fourth issue.

From judgment that plaintiff recover of the defendant the sum of $1,666.66, with interest and costs, the defendant appealed to the Supreme Court.

*Morton & Smith for plaintiff.*
*R. L. Smith & Sons for defendant.*

CONNOR, J. There was evidence at the trial of this action tending to show that plaintiff sustained a bodily injury which was effected solely by the happening of a purely accidental event resulting from the explosion of an automobile, and that plaintiff gave notice to the defendant of his claim under the policy of insurance sued on as soon as was reasonably possible. For this reason there was no error in the refusal of the court to allow the motion of the defendant, at the close of all the evidence, that the action be dismissed by judgment as of nonsuit. The accident did not happen until the mechanic stepped on the starter. There was then a terrible combustion in the motor, followed by the sudden emission of water from the radiator, which struck the plaintiff in the face, about the eyes, and caused his bodily injury. This injury resulted in loss to the plaintiff, for which the defendant by the express language of its policy agreed to indemnify the plaintiff.

With respect to the first issue submitted to the jury, the court charged as follows:

"The court further instructs you that if you find by the greater weight of the evidence that the gasoline sent to the cylinder of the car for the purpose of exploding and causing the pistons to go up and down as the case may have been in the regular operation of the car, exploded and instead of causing the pistons to perform their natural and proper functions which were necessary and sufficient to run the motor of the automobile in question, but started an explosion by force, causing the liberation of warm or hot water from its environment, that would constitute an explosion of the automobile, and if the plaintiff was injured as a direct result of such an explosion, and has so satisfied you by the greater weight of the evidence, you would answer the first issue, 'Yes.' If the plaintiff has failed to do so, you would answer the first issue 'No.' "

The defendant's exception to this instruction cannot be sustained. The word "explosion" is variously used, and is not one that admits of exact definition, having no fixed or definite meaning, either in ordinary speech or in the law. 25 C. J., 178. It implies, however, a sudden expansion of a liquid substance, with the result that the gas generated by the expansion escapes with violence, usually causing a loud noise. The word as used in a policy of insurance should be construed in its popular sense, as used by ordinary men, and not in a scientific sense as used by scientific men. There was evidence at the trial of this action which tended to show that the hot water which struck the plaintiff in

the face, and injured his eyes, was forced out of the radiator by an explosion in the automobile.

With respect to the second issue, the court charged the jury as follows:

"The court instructs you that the loss of an eye within the meaning of the policy of insurance means the entire loss for the practical use thereof, and the court instructs you that if the entire sight of the eye is not completely destroyed but that what sight is left is of no practical use or benefit and that this condition will continue throughout the life of the plaintiff, then the plaintiff within the meaning of said policy has sustained the loss of an eye. 'Practical,' gentlemen, as used in this definition means 'capable of being used,' that is usable and valuable in practice, capable of being turned to use by the plaintiff.

"If the plaintiff has satisfied you by the greater weight or the preponderance of the evidence that said explosion and injury caused the irrecoverable loss of the sight of plaintiff's right eye as defined to you by the court, within thirty days after said accident, you would answer the second issue, 'Yes.' If the plaintiff has failed to so satisfy you and you find that there is a practical use, if his eye is capable of being turned to practical use, you would answer the second issue, 'No.' "

The defendant's exception to this instruction must be sustained. The liability of the defendant under the policy sued on is expressly limited by language which is free from uncertainty and ambiguity. This liability cannot be enlarged by construction. It is expressly provided in the policy which the plaintiff accepted and on which he brings this action, that the loss of an eye, for which the defendant shall be liable under the policy, means the irrecoverable loss of the entire sight thereof. It was error for the court to enlarge this liability by its instruction that the loss of an eye means the entire loss for practical purposes. There was no evidence tending to show that the bodily injuries sustained by the plaintiff resulted in the loss of an eye which resulted in the irrecoverable loss of the entire sight thereof. For this error the defendant is entitled to a new trial, of the second, third and fourth issues.

Although the defendant may not be liable to the plaintiff under the policy for the loss of an eye, there was evidence tending to show that the defendant is liable to the plaintiff under the policy for the loss of time, and for medical and hospital expenses. If on the new trial, the jury shall answer the second issue "No," this evidence should be submitted to the jury under proper instruction.

New trial.