## BARNES v GREAT AMERICAN IND CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2854. Decided Sept 22, 1938

) Corkwell & Wright, Columbus, for plaintiff-appellee.

Knepper, White & Dempsey, Columbus, for defendant-appellant.

## OPINION

By GEIGER, J.

The plaintiff below held an accident insurance policy in the company of the defendant. The policy was designated as a state automobile policy and provided for certain payments in a restricted class of accidents, all relating to accidents arising in connection with automobiles. The coverage in which we are interested is for loss resulting directly and independently of all other causes from bodily injuries affected solely through accidental means in consequence of being struck, run down or run over by an automobile. The plaintiff was injured rather seriously and brought an action against the defendant seeking to recover $400.00, the claimed amount due under the terms of the policy.

A jury was waived and the cause submitted to the court upon the opening statement of counsel for plaintiff. Upon consideration of such statement and the pleadings judgment was awarded the plaintiff in the full amount claimed. There was no evidence offered other than the opening statement, except the policy. The opening statement contains several statements which if admitted to be true would necessarily decide the case in favor of the plaintiff. It is asserted in the statement that the plaintiff was accidentally "run down" by an automobile, in which accident she suffered as complained in the petition. At another point it is stated that an automobile bore down upon her, "running her down" If we are to consider these two statements as being a correct statement of the facts, then her accident is covered by the above quoted provison of the policy.

But it is fair to say in clarification of the statement that the following are the facts: The plaintiff on December 25, 1935, in the evening, was walking south on the west sidewalk of High Street at Brighton Road in the north end of Columbus, and started across Brighton Road. At the time there was no traffic on Brighton Road and no interference. She was nearly across such road and within a couple of feet of the south line when an automobile coming from the south in High Street turned westward cutting the southwest corner of the intersection of the two streets and swerved

into Brighton Road near to the plaintiff. The machine was less than a foot from her when she jumped and sprang, thereby causing the injuries of which she complained. She was not struck by the machine.

The question presented is whether or not the injury that she suffered in her voluntary or involuntary attempt to avoid being struck by the oncoming automobile is covered by the policy and was "in consequence of being run down by an automobile."

Both sides have ingeniously argued in behalf of their several positions. Many dictionary definitions are given of the term 'run down' and it is asserted by one side that these definitions all are to the effect that there must be an actual physical contact between the moving object and the person run down. Definitions are given which include, "to run against, to collide with, to crush, to overthrow, to overbear, to chase until exhausted, to pursue until overtaken as to run down a criminal, to knock down or overthrow, to run or drive against, to run against and knock down." It is the contention of the defendant below that these words must be confined to the meaning that unless there is actual physical contact of the moving automobile and the insured there can be no recovery; that the words are plain and unambiguous and are susceptible of but one meaning and that the court is not required or permitted to construe them but must accord them only the meaning commonly given them. It is insisted that the contract is clear and unambiguous and that there is no need of a resort to the rules of construction, and that the effect of the contract can not be destroyed by judicial construction; that policies of insurance are to be construed so as to give effect to the intention and express language of the parties, and like other contracts are to be construed according to the sense and meaning of the terms which the parties have used. It is urged that while it is true that the company must accept any reasonable interpretation of the contract in favor of the policyholder, that this rule does not justify an unreasonable interpretation of the language. On the part of the plaintiff it is urged that there is no such well defined meaning to the term 'run down' as to require an actual physical collision, and it is submitted by the plaintiff that if an insurance contract is so drawn as to be equivocal, uncertain or ambiguous and to require interpretation because fairly susceptible of two or more different but sensible and reasonable constructions, the

one would be adopted which is most favorable to the insured, and that the company has no just reason to complain if a reasonable construction of the language it has used is adopted, though it be not the most favorable to the company, and that if consistent with the purpose of the contract it should be liberally construed in favor of the object sought to be attained.

Counsel for each side use illustrations by which they attempt to visualize their conception of the term 'run down'. Some of these illustrations are pertinent and others seem to us somewhat remote. Counsel for the defendant elaborates to a considerable extent on the effect that should be given to a low-priced policy, the premium in this case being only $6.00, and it is urged that inasmuch as the premium is exceptionally low, that that is an indication that the protection is limited. We can not agree with this argument and even if it be true it will be observed that the insurance policy protects the insured only against accidents arising from injuries growing out of some use of an automobile. That in itself is a sufficient limitation to justify the low rate of premium. If the policy had been a general accident policy and the plaintiff had been injured as she claimed, then she would not have been concerned as to what caused her injury, whether it was by being struck or run down by an automobile, or simply slipping on an icy sidewalk. We cannot justly estimate the coverage of a policy or the purpose for which it is written by considering the amount of the premium.

We think we may analyze this policy under the rule that all the words used should be given an appropriate meaning and not assume that any are superfluous.

The policyholder is protected against injury resulting from being 'struck', 'run down' or 'run over' by an automobile. Counsel for defendant uses many apt illustrations as to the situations that might be applicable to these several hazards, but he insists that in order to be 'run down' one must be struck. It occurs to us that if the policy is limited to what he contends there is no reason for the use of the expression 'run down'. It is urged, however, that a person might not be injured by the first contact with the moving machine but might receive his injury from being thrown to a hard pavement, and that that condition would be covered appropriately by the term 'run down.' If one is insured against being struck he is insured against all the consequences flowing from such an accident,

694

whether it be a bruise that arises from the impact of the machine when one is not thrown down, or from broken limbs by reason of the fact that one is thrown down after being struck; the injury flows from the original striking. We conclude that the term 'run down' does not necessarily include a striking or a collision with a moving object and that it has other different meanings. The question is whether one who is a pedestrian upon a street and receives an injury by reason of an attempt to avoid an impending collision with an oncoming automobile is within the hazard of being 'run down'. It may be observed that even in the dictionary definitions of the expression 'run down' we find such synonyms as "to overthrow", to "overbear". Counsel might assert that one may not be overthrown or overborne unless there be physical contact. We might visualize a fire department or a car recklessly driven down the street at a rapid rate where a pedestrian crossing the street is put in imminent danger unless he fled to safety, and if in such effort to save himself he receives an injury, such injury flows from the peril of being 'run down' by the fire department or rapidly driven machine. We all are shocked at vivid portrayals of marching troops from which innocent bystanders are fleeing. Could it be justly said that they were not 'run down' because they were not struck physically? We are of the opinion that the term 'run down' used in this policy is broad enough to cover a peril that does not involve physical contact and that if one menaced is injured in seeking to avoid that peril he is within the protecting terms of the policy.

We may draw on our imagination as to the many things that might happen to a pedestrian which would give rise to the claim that he is being 'run down' by an automobile, but we must remember that the question as to whether he is actually 'run down' is always subject to determination from the facts that may be proved in each particular case. We think the facts included in the statement of counsel upon which the issues were tried are sufficient to justify the trial court in holding that the plaintiff below was, as a matter of fact, 'run down' by an automobile which suddenly swerved toward her as she was crossing Brighton Road, and that she did the only natural thing, whether voluntary or involuntary, that one would do to protect himself from the oncoming machine. The facts indicate

the element of pursuit only falling short of an actual overtaking to avoid which the pedestrian in a last, unavailing effort falls down or is 'run down' and injured.

We are not impressed with the cases cited by the defendant. There are patent distinctions in the facts under consideration.

The case most strongly relied upon is Gant v Provident Life & Accident Insurance Company, 147 SE 740, counsel stating that the words used in the policy were under judicial consideration. An examination of this case discloses that the terms of the policy were not the same and that the accident was caused by an entirely different set of circumstances. Syllabus 3, which we emphasize, to disclose the difference, states,

"3. Under accident policy covering injuries by being 'struck by moving automobile' insured struck by plank thrown by wheels of automobile could not recover."

Had the coverage in the present case been restricted to a 'moving automobile' the cited case would have been more nearly parallel, although that was' not the determinative point.

**Indemnity Co. v Jones, 111 Oh St 84,** is of interest in showing the broad interpretation given to insurance policies.

Judgment affirmed.

BARNES, PJ, and HORNBECK, J, concur.