### 27942.  HORNE *v.* LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE.

DECIDED FEBRUARY 5, 1940.  REHEARING DENIED MARCH 6, 1940.

*Grady Gillon, B. B. Renitz, Hall & Bloch,* for plaintiff.
*Martin, Martin & Snow,* for defendant.

FELTON, J.  Mrs. Irene Horne sued the Life & Casualty Insurance Company of Tennessee on an insurance policy on the life of her husband, in which it was provided: "If the insured shall be struck by actually coming in physical contact with the vehicle itself and not by coming in contact with some object loaded on or attached thereto, or some object struck and propelled against the person by said vehicle, which is propelled by steam, cable, electricity, naphtha, gasoline, horse, compressed air, or liquid power, while the insured is walking or standing on a public highway, or be struck by any vehicle named above while riding a bicycle on a public highway," the company would pay certain named benefits. The deceased was killed by being struck while riding a bicycle on a public highway, and was either struck by the truck itself or by something loaded on and projecting from it. The judge charged the jury that if the deceased was struck by the truck the plaintiff would be entitled to recover; and that if he was struck by some instrument or material projecting from the truck, the plaintiff

would not be entitled to recover. There was no dispute as to the fact that the deceased had been struck either by the truck itself or by something projecting from it. The jury found for the plaintiff, thereby finding, under the charge given, that the deceased had been struck by the truck itself. The defendant moved for a new trial, which was granted. The plaintiff excepted on the ground that the evidence demanded the verdict, regardless of whether the deceased had been struck by the truck itself or by some article projecting from it. Since the evidence showed and the parties concede that there was no evidence authorizing a finding that the deceased was killed except by one or the other of the two ways men-. tioned, it is proper to determine whether the evidence demanded the verdict for the plaintiff.

We are of the opinion that a verdict for the plaintiff was demanded. Under the well-known rules for the construction of insurance contracts where the meaning is doubtful, that construction will be adopted which is most strongly against the insurer and in favor of the insured. The fact that the injury might have been inflicted by something projecting from the truck renders the definition of the word "truck" necessary. The dictates of common sense require that it be defined to include not only the truck but its load as well. It would be unreasonable to exclude, by interpretation, a risk more remote and unlikely than those expressly covered by the policy. This conception is not militated against by the contention that the premium for the policy was extremely low. This view has been expressed in two foreign cases involving the defendant and its policies. Maness v. Life & Casualty Co., 161 Tenn. 41 (28 S. W. 2d, 339) ; Gilbert v. Life & Casualty Co., 185 Ark. 256 (46 S. W. 2d, 807). Since this view is adopted it is necessary to determine whether the provision in the policy exempting the company from liability if the insured was struck by something other than the vehicle itself, as expressly applied to the insured if he was so struck while walking or standing on a public highway, applied to him while he was riding a bicycle on a public highway. We think the policy is ambiguous, for two reasons: (1) The provision above stated could have been so easily extended to the insured, or deceased, while he was riding a bicycle on a public highway, by simply adding, after the first word "highway," appearing in the provision under consideration, the following words:

"or while riding a bicycle on a public highway:". (2) Because the company, knowing that the word "vehicle" had been construed, standing alone, to mean its load as well as the vehicle itself, nevertheless elected to use the word standing alone without making the exception which it had made in the preceding provision of this particular paragraph of the contract. Since the contract is ambiguous, the construction most unfavorable to the insurer will be adopted, and that is that the exception placed in the last provision with references to the risk assumed as to one walking or standing does not apply to the risk with reference to one riding a bicycle on a public highway. The evidence demanded the verdict for the plaintiff, and the court erred in granting a new trial.

*Judgment reversed. Stephens, P. J., concurs.*

SUTTON, J., dissenting. Under the evidence and the provisions of the insurance policy, I am of the opinion that the verdict for the plaintiff was not demanded. Consequently the judge did not err in granting a new trial.