INDUSTRIAL CASUALTY INSURANCE COMPANY *v.*
ALSPAUGH.

[No. 16,922. Filed October 27, 1942. Rehearing Denied
December 2, 1942. Transfer Denied January 5, 1943.]

*Scotten & Hinshaw,* of New Castle, *Slaymaker, Merrell & Locke, Burke G. Slaymaker,* and *Hugh E. Reynolds,* all of Indianapolis, for appellant.

*Paul R. Benson* and *Earl J. Ainsworth,* both of New Castle, for appellee.

FLANAGAN, C. J.—The principal question here presented involves the interpretation of the following section of a "Special Automobile Accident Policy," issued by appellant to appellee:

> "Does hereby insure Robert Alspaugh of City of Shirley, State of Indiana, by occupation at trucking, against loss of life, limb, or time resulting directly or independently of all other causes, from bodily injuries sustained through purely accidental means (a) while actually riding in, driving, or cranking; (b) by being run down or over by; or (c) by the burning or exploding of; an automobile, taxicab, truck, or automobile bus, hereinafter referred to as such bodily injuries."

On September 17, 1937, while the policy in question was in force, appellee drove his truck into his barn lot and was sitting in its cab repairing the emergency

brake when his ten-year old son started to pour gasoline from a five gallon container into the gasoline tank which was located under that half of the driver's seat not occupied by appellant. There was a sudden flash of fire from the gasoline, some was thrown upon appellee's leg and he was severely burned.

This action was brought by appellee upon the insurance policy for his loss of time. Trial resulted in a verdict for appellee, appellant's motion for a new trial was overruled and from the judgment which followed this appeal is taken.

The grounds of appellant's motion for a new trial not waived are: (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; (3) the court erred in overruling appellant's motion for a directed verdict; and (4) the court erred in overruling appellant's motion to discharge the jury because of misconduct of appellee's counsel during his opening statement.

The evidence without dispute shows that the truck did not burn and that appellee's injuries did not result from the burning of a truck. Therefore in order to recover his injuries must have resulted from the explosion of a truck. Appellant insists that they did not and presents the issue as its sole question under the first three specifications of its motion for a new trial.

Appellant points out that this is a limited policy issued for a minimum premium, limited to loss occurring in the manner and to the extent provided by the terms of the policy itself. Appellant insists that the explosion in the instant case was an "explosion of gasoline vapor," not an "exploding of a truck" and therefore was not included in the terms of the policy. Neither the gasoline tank nor any other part of the truck was blown apart or injured by the explosion.

From the evidence the jury could have concluded that the explosion was of the vapor arising from the gasoline in the tank of the automobile. Appellant argues that the gasoline in the truck's tank was not the truck but was contents of the truck and points to a number of decisions to the effect that injury to a person by the burning of the contents of a building is not included in a policy covering injuries resulting from the burning of a building.

We cannot agree with appellant's contention nor do we think the line of cases cited are in point. It is true that where a policy is issued for a minimum premium and expressly limits the right of recovery within very narrow bounds, the accident must come within those bounds. *Continental Life Ins. Co.* v. *Malott, Admx.* (1929), 89 Ind. App. 263, 166 N. E. 215. But in the instant case the policy specifically provides for an injury resulting from the "exploding of a truck."

By specifically including the provision "exploding of a truck" appellant intended to include something. It is common knowledge that the thing about a truck which explodes is the gasoline. And the gasoline is not merely "contents" of the truck as were the contents of the buildings in the cases referred to by appellant. The gasoline is necessary to the function of the truck just as are the tires, the axles and the steering wheel. True the gasoline is consumed but so eventually are the tires. The difference is a matter of time. Each is an essential part in the operation of the truck.

The expression "exploding of a truck" cannot mean the exploding of the "whole" truck, for a truck as a whole by and of itself does not explode. To give meaning to the expression it must be interpreted as covering the exploding of a part of the truck.

The gasoline being an essential part in the operation of the truck it follows that an explosion of the gasoline vapor is included within the terms of the policy.

It should be noted that the policy before us does not provide that the injury must result from the wrecking or disabling of an automobile, but provides only that the injury must be the result of an explosion.

Appellant further complains that the trial court erred in refusing to discharge the jury because of alleged misconduct of appellee's counsel. In his opening statement appellee's counsel stated to the jury that appellant's agent called upon appellee and offered to pay him the sum of $540. Upon objection by appellant, the trial court instructed the jury to disregard the statement but refused to sustain appellant's motion to discharge the jury.

Assuming the statement to be improper, it has not been made to appear that any harm was not remedied by the court's admonition. See *King* v. *Ransburg* (1942), 111 Ind. App. 523, 39 N. E. (2d) 822, 40 N. E. (2d) 999.

We find no reversible error in the record.

Judgment affirmed.

NOTE.—Reported in 44 N. E. (2d) 321.