STEWART *v.* JAGGERS.

———————

J. K. STEWART, ADA S. PHELPS, ELLEN S. TYNER, MARY S. CHANNEL, LLOYD STEWART, CLARENCE STEWART, CHALMERS STEWART, W. M. STEWART, JR., EDWIN BUIE STEWART, JOHNNIE R. STEWART, HEIRS AT LAW OF W. M. STEWART, v. DANNIE WITHERS JAGGERS AND HUSBAND, A. E. JAGGERS.

(Filed 23 November, 1955.)

**1. Adverse Possession § 19—**

Evidence tending to show that plaintiffs entered into possession of the *locus in quo* under recorded deeds purporting to convey title by definite and visible lines and boundaries, and had remained in possession continuously and adversely for more than seven years, together with evidence tending to fit the descriptions in the deeds to the lands claimed, *is held* sufficient to require the submission of the issue to the jury.

**2. Appeal and Error § 29—**

Where appellants fail to point out wherein the rulings excepted to were in any material respect prejudicial, their assignments of error cannot be sustained.

**3. Trial § 5½—**

Where plaintiffs rely upon adverse possession under color of title, they are under necessity of introducing written instruments purporting to convey title to the lands claimed by definite lines and boundaries, and to this extent must rely upon the record to show color of title, and therefore a stipulation in the record that plaintiffs rely upon the record title does not require nonsuit for failure of proof of good record title.

**4. Trial § 29—**

Where plaintiffs' evidence is sufficient to make out their case and is not controverted by any evidence to the contrary, the court may give a peremptory instruction that if the jury believes all the evidence and finds by the greater weight of the evidence the facts to be as the evidence tends to show, to answer the issue in the affirmative.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Morris, J.,* February Term, 1955, of HARNETT.

This was an action to recover damages for the alleged cutting and removal of timber from the lands of the plaintiffs. The defendants denied plaintiffs' title.

The plaintiffs alleged and offered evidence tending to show that they entered into possession of two adjoining tracts of land, as to one in 1926 and as to the other in 1935, under recorded deeds purporting to convey title thereto by definite and visible lines and boundaries, and that they have remained in possession continuously and adversely to the present time. Plaintiff also offered evidence tending to identify the lines and boundaries set out in their deeds, and to fit the descriptions in the deeds to the lands.

The defendants in their answer denied plaintiffs' title but admitted "that the plaintiffs are now and have been for a number of years in the wrongful possession of said lands."

The defendants offered no evidence.

Issues were submitted to the jury and answered as follows:

1. Are the plaintiffs the owners of and entitled to the possession of the property described in the complaint? Answer: Yes.

2. Did the defendants wrongfully cut and remove timber from said property? Answer: Yes.

3. What amount, if any, are plaintiffs entitled to recover of defendants for the wrongful cutting and removing of said timber? Answer: $30.

From judgment on the verdict the defendants appealed, assigning errors.

*Neill McK. Ross, Salmon & Hooper   By: Neill McK. Salmon for plaintiff appellees.*

*Pittman & Staton   By: William W. Staton,*

*Taylor, Spence & Taylor   By: James R. Spence for defendants, appellants.*

DEVIN, J.   The defendants assign error in the ruling of the trial judge denying their motion for judgment of nonsuit, but an examination of the record indicates that the evidence offered by plaintiffs was sufficient to require its submission to the jury, and that the motion was properly denied.

The defendants excepted to the ruling of the court in several instances in the admission of testimony and also excepted to the refusal to strike out other evidence, but they do not point out wherein in any material respect the rulings complained of were prejudicial.   These assignments are without merit.

The defendants call attention to the parenthetical notation, entered in the record during the examination of a witness as to the plaintiffs' possession, that "at this point it is stipulated that plaintiffs rely upon the record title to establish their title."   The defendants contend that plaintiffs should be held bound by this stipulation to proof of record title only in order to prevail, and that in the absence of evidence of title by this method the defendants' motion for nonsuit should have been allowed.   But we do not so interpret the effect of the quoted statement noted in the record during the trial.

The plaintiffs in their pleadings alleged their title solely by adverse possession within known and visible boundaries under color of title for 20 years and 7 years, and all their testimony was devoted to proof of title by that method.   *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142; *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593; G.S. 1-38.   In order to establish title by adverse possession under color it was necessary for the plaintiffs to offer in evidence written instruments purporting to convey title describing the lands claimed by definable lines and boundaries, to fit the description to the land, and to show adverse possession of some portion of the land for the statutory period.   *Wallin v. Rice,* 232 N.C. 371, 61 S.E. 2d 82.   For this purpose and to this extent plaintiffs would have to rely upon the record to show color of title.

Defendants noted exception to the following portion of the court's charge to the jury:   "If you believe all of the evidence and find the facts to be as the evidence and all of it tends to show by its greater weight, your answer to the first issue would be yes; otherwise it would be no."   Since the record discloses that the plaintiffs' evidence, tending to make out a case of adverse possession for more than 7 years under

color of the deeds offered, was not controverted by any evidence to the contrary, we think the peremptory instruction on the first issue was fully justified.

In the trial we find

No error.

HIGGINS, J., took no part in the consideration or decision of this case.

The foregoing opinion was prepared by *Devin, Emergency Justice,* while he was serving in place of *Higgins, J.,* who was absent on account of his physical condition. It is now adopted by the Court and ordered filed.