EDMOND BRINSON v. OLD REPUBLIC LIFE INSURANCE COM-
    PANY.

(Filed 30 October, 1957)

Insurance § 38—

    In an action on a policy to recover for the permanent loss of the entire sight of one of insured's eyes from bodily injury resulting solely through external, violent and accidental means, insured's evidence that his left eye was injured in a fall from a truck and that as a result of such injury he became permanently blind in the injured eye to the extent that he cannot distinguish objects or colors or tell the difference between day and night, though he can perceive some movement to the side and discover there is a little light when the sun is shining, is sufficient to be submitted to the jury upon the determinative issue.

APPEAL by plaintiff from *Phillips, J.,* March, 1957 Term, DUPLIN Superior Court.

Civil action to recover $2,000.00 benefits under an insurance policy in which the defendant contracted to pay that amount to the plaintiff for the permanent loss of the entire sight of one or both eyes as a result of bodily injury solely through external, violent and accidental means.

The plaintiff testified in substance: On March 28, 1956, while he was unloading stumps from a trailer, he fell headfirst from the top of the load into the stumps already on the ground and received serious head and bodily injuries. "For several weeks I couldn't walk, only just drag around. I found out then (7:30 the night of the accident) that I was blind in my left eye. My

left eye was all right before that day and hadn't given me any trouble. . . . I am blind in my left eye, I cannot see, totally blind." On cross-examination, plaintiff testified it was from about 12 o'clock until seven or eight before he discovered the loss of vision in his left eye. "I can't look at you from here and close this eye good and tell whether you are a man or a woman, black or white. . . . I can tell there is an object there but it will be black. I can see the bulk of your body but it is right black, but I can't tell what it is. I can't see when it is day or night with my left eye. I can discover there is a little light when the sun is shining."

Dr. Dalton, physician and surgeon specializing in diseases of the eye, testified: "I examined Edmond Brinson on April 6. Mr. Brinson had a hemorrhage back of his left eye. . . . He has no useful vision in his left eye. . . . Mr. Brinson can tell day from night and he can see an object when it is waved to the side, but when he directs his eye towards an object he doesn't see it."

Dr. Norris, a medical expert, testified: "I examined the plaintiff on April 7, 1956. In my opinion the injury received from the fall caused blindness in his left eye. . . . I believe the condition in his left eye will be total and permanent."

At the close of plaintiff's evidence the defendant's motion for nonsuit was allowed, and from the judgment dismissing the action, the plaintiff appealed.

*Grady Mercer, for plaintiff, appellant.*
*Vance B. Gavin, for defendant, appellee.*

HIGGINS, J. The evidence, in the light most favorable to the plaintiff, permits the inference (1) that his left eye was injured in a fall from a truckload of stumps; (2) because of the injury he is blind in the injured eye to the extent he cannot distinguish objects or colors, or tell the difference between day and night, though he can perceive some movement to the side and discover there is a little light when the sun is shining; (3) that the condition is permanent.

The foregoing seems to be a fair summary of the plaintiff's evidence, both on direct and cross-examination. His statement that he is totally blind in his left eye is explained by his details as to his ability to distinguish a little light when the sun is shining. Does the evidence make out a case for the jury?

"The general rule is that the insured need not be totally blind but that if the insured has lost all practical use of his eyes, he is entitled to recover, although he may still have slight vision such as ability to distinguish between daylight and darkness." Vance on Insurance, 3rd ed., Sec. 193, p. 992. "Provisions in

accident policies for the payment of a specified indemnity for loss of sight are liberally construed in favor of the insured, and within such provisions there is an entire loss of sight, although sight is not completely destroyed, if what sight is left is of no practical use or benefit." 45 C.J.S., sec. 900, p. 988.

In the case of *Tracey v. Standard Acc. Ins. Co.*, 119 Me. 131, 109 A 490, the Supreme Judicial Court of Maine, in a well considered opinion construing a policy similar to the one involved here, announced the following rule:

> "The intent and purpose of the policy as a business proposition was to indemnify the plaintiff for the loss of the complete or 'entire' use of his eye. The 'loss of the entire sight' of an eye, and the loss of the entire use of an eye, by blindness, in practical effect, are precisely the same. Being a business contract, this policy should be construed like any other contract with reference to the object, purpose, conditions, and circumstances.

> "The eye has earning capacity as well as the hand. To indemnify the complete loss of the sight of an eye as an earning factor was undoubtedly one of the controlling reasons for taking the policy.

> "We feel it would be unfair to the company, as well as the plaintiff, to impute to it the intention, by the artful employment of a word, to base its liability upon the frail and frivolous distinction between ocular ability to discriminate a flood of light from total darkness, and without the power to distinguish one object from another in the strongest light."

In the case of *Continental Casualty Co. v. Linn*, 226 Ky. 328, 10 S.W. 2d 1079, the Court of Appeals of Kentucky, in construing a policy similar to the one involved here, said:

> "The term used must be construed in its plain, orderly, and proper sense, and the loss of the use of the member of the body is equivalent to the loss of that member. Can anyone doubt that one who can barely distinguish daylight from darkness has lost his entire sight? . . . In *Murray v. Aetna Life Ins. Co.*, 243 Fed. 285, where the policy provided for the payment of indemnity for the loss of the entire sight of one eye, . . . it was held that if by accident the insured had irrevocably lost the use and practical sight of the eye, although he could distinguish light from darkness . . . he was entitled to recover under the policy. Other cases to the same effect are *Tracey v. Standard Acc. Ins. Co.*, 119 Me. 131; *Watkins v. U. S. Casualty Co.*, 141 *Tenn.* 583."

To the foregoing authorities may be added the following: *Mulcahey v. Brotherhood of Ry. Trainmen*, 229 Mo. App. 610, 79 S.W. 2d 759; *Mutual Life Ins. Co. v. Meeks*, 157 Miss. 97, 127

So. 699; *International Travelers Assn. v. Rogers,* (Tex.) 163 S.W. 421; *Watkins v. Casualty Co.,* 141 Tenn. 583, 214 S.W. 78; *Bosworth v. Metropolitan,* 114 W.Va. 663, 173 S.E. 780.

"We believe the true rule should be that where, as here, the employee has lost all practical use of an eye, which practical use cannot be restored . . . such amounts in effect to the loss of the eye." *Bilsky v. Mutual Ben. Health & Accident Ass'n.,* 49 N.Y.S. 2d 848, 182 Misc. 122, affirmed 52 N.Y.S. 2d 576, 268 App. Div. 973, appeal denied 53 N.Y.S. 2d 307, 268 App. Div. 1026.

The appellee seeks to sustain the nonsuit upon the authority of *Bolich v. Ins. Co.,* 205 N.C. 43, 169 S.E. 826. In that case the plaintiff testified: "I cannot see to read with my right eye (the injured member) . . . I can see large objects close to me, but I cannot look at any ordinary object through my right eye for any length of time. The object will blur, but by continually batting my eyes, I can see the object. . . . The sight of my right eye is not entirely gone." In ordering a new trial, this Court said: "There was no evidence tending to show that the bodily injury sustained by the plaintiff resulted in the loss of an eye which resulted in the irrevocable loss of the entire sight thereof."

In this case the plaintiff testified he is totally blind in his injured eye, though he later qualified the statement by saying he could perceive a little light in bright sunshine. His doctor testified: "In my opinion the injury received from the fall caused blindness in his left eye. . . . I believe the condition in his left eye will be total and permanent."

The case at bar and the Bolich case are, therefore, readily distinguishable. We think the entire sight of an eye is lost when neither objects, nor forms, nor colors can be distinguished in strong light, although sufficient perception remains to disclose "a little light when the sun is shining." In practical effect, loss of sight is not rendered less complete by reason of ability to perceive no more than a flicker of light in a bright sun. The plaintiff's evidence was sufficient to entitle him to have the jury pass on it.

Reversed.