AUDREY S. ROACH v. PYRAMID LIFE INSURANCE COMPANY.

(Filed 17 September, 1958.)

**1. Insurance § 13a—**

Where a provision in an insurance policy is susceptible of two interpretations, one imposing liability and the other excluding it upon the facts of the particular case, the provision will be construed against the insurer.

**2. Insurance § 38—**

Since gasoline in a jet plane is essential to its operation, where a jet plane crashes and insured is struck with gasoline from the plane and fatally injured as a result thereof, the injury results from being struck by a plane within the terms of the policy.

**3. Trial § 29—**

Where the evidence is not controverted and is sufficient to make out a case, a peremptory instruction that if the jury believes the evidence and finds the facts to be as all the evidence tends to show, to answer the issue in the affirmative, otherwise in the negative, will be upheld.

APPEAL by defendant from *Morris, J.,* January Term 1958, of PERQUIMANS.

This is an action instituted by the plaintiff, the widow of J. Van Roach, as beneficiary in an accident policy issued to him by the defendant.

There is no dispute as to the policy being in force at the time of the accident complained of, or as to the amount involved under the terms of the policy, to wit, $2,250.00. The sole question is whether Mr. Roach's death was caused by an injury within the meaning and intent of the following provisions of the policy: "If such injury shall be sustained * * * (c) by being struck, knocked down or run over by * * * airplane."

The evidence in sum and substance is as follows: Mr. Roach was the head mechanic for the Perquimans County Board of Education in the maintenance of school buses used in Perquimans County, in its garage located on the grounds of the Perquimans County High School near Hertford in said County.

Mr. Roach and his helper, Preston Morgan, were working in the garage on the morning of 21 February 1957. A Navy jet plane hit the ground about 200 yards or more from the school garage, it then bounced about six or seven feet above the ground and remained at that elevation until it crashed into the garage. When it hit the garage it exploded, and fuel and oil in the plane spread over everything and the building burst into flames. Mr. Roach and Mr. Morgan were the only persons in the garage. Mr. Morgan was horribly burned but survived. Mr. Roach, in addition to receiving second and third degree burns over eighty per cent of the area of his body, head and extremities, suffered a cut two or three inches long on the back of his head. The accident occurred about 10:00 o'clock a.m. on 21 February 1957 and Mr. Roach died about nine hours later.

The physician's certificate of death submitted to the defendant described the accident which caused the insured's death as follows: "Jet plane hit garage and exploded, hitting Mr. Roach with burning fuel."

The jury answered the issues in favor of the plaintiff. Judgment was accordingly entered for $2,250.00 with interest. The defendant appeals, assigning error.

*John H. Hall for plaintiff, appellee.*
*Carroll R. Holmes for defendant, appellant.*

DENNY, J.   The appellant presents two questions for our consideration and determination. (1) Did the court below commit error in refusing to sustain the defendant's motion for judgment as of nonsuit, interposed at the conclusion of plaintiff's evidence and renewed at the close of all the evidence? (2) Did the court err in giving peremptory instruction to the jury?

Whether the court erred in refusing to grant the defendant's motion for judgment as of nonsuit depends upon whether or not the insured's death was the result of an accident covered by the terms of the policy and insured against.

The undisputed facts revealed by this record support the conclusion that the insured's death resulted from being hit or struck with burning fuel from an airplane which exploded when the plane hit the building in which the insured was at work.

It is the general rule that where a provision in a policy of insurance is susceptible of two interpretations, when considered in light of the facts in the case, one imposing liability, the other excluding it, the provision will be construed against the insurer. *Jones v. Casualty Co.*, 140 N.C. 262, 52 S.E. 578; *Manning v. Insurance Co.*, 227 N.C. 251, 41 S.E. 2d 767; *Electric Co. v. Insurance Co.*, 229 N.C. 518, 50 S.E. 2d 295.

In the last cited case the defendant issued its policy to protect the plaintiff's cargo against loss or damage while in transit. Among other provisions, the policy insured the plaintiff "against loss or damage directly caused by fire, * * * collision of the conveyance on which the goods are carried * * * , derailment, overturning of trucks or collapse of bridges."

The cargo was packed on plaintiff's truck, with four crates of electric heaters protruding above the top of the truck. While in transit the truck was driven under an overhead concrete bridge and the four topmost crates of heaters were damaged to the extent of $215.48 when they collided with the underside of the bridge.

At the hearing in the trial court, the facts were stipulated and the

court held that the policy in suit did not cover the stipulated damages or loss and dismissed the action. Upon appeal to this Court the defendant relied solely upon the phrase in the policy, to wit, "collision of the conveyance on which the goods are carried," contending that the damage to the cargo was not the result of a collision of the vehicle on which the goods were being transported, hence the loss was not covered by the policy. We reversed and held that on the record submitted judgment should have been entered for the plaintiff. *Stacy, C. J.,* speaking for the Court, said: "The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time."

In *Bolich v. Insurance Co.,* 205 N.C. 43, 169 S.E. 826, the policy covered the plaintiff against injury, among other things, from "the burning or explosion of an automobile." The automobile involved had been overheating. Plaintiff drove the car into a garage and requested a mechanic to examine the car and see what was wrong with it. The mechanic filled the radiator with water and got into the car; he stepped on the starter, and the exhaust in the motor blew up. There was a terrific combustion in the motor when the mechanic stepped on the starter, followed by a sudden emission of hot water from the radiator, which struck the plaintiff in the face, about the eyes, and caused bodily injury. The plaintiff recovered a verdict in the trial court and the defendant appealed from the failure of the trial court to sustain its motion for judgment as of nonsuit. Upon appeal, this Court held that the injury was compensable under the provisions of the policy.

In our opinion, since the gasoline in the jet plane was essential to its operation, and the insured was struck with the gasoline from the plane and fatally injured as a result thereof, such injury was within the risks against which the insured was covered by the provisions in his policy, and we so hold. This interpretation, in addition to our own decisions cited herein, finds support in *Barnes v. Great American Insurance Co.,* 60 Ohio App. 114, 19 N.E. 2d 903, *Industrial Casualty Co. v. Alspaugh* (Ind.), 44 N.E. 2d 321, and *Horne v. Life & Casualty Insurance Co. of Tenn.,* 62 Ga. App. 21, 7 S.E. 2d 407.

The facts in the cases cited and relied upon by the appellant are distinguishable from those in the present case.

The second assignment of error is based on the defendant's exception to the following instruction to the jury: "Gentlemen of the jury, I instruct you that if you believe the evidence in this case and all of it and find the facts to be as the evidence and all of it tends to show by its greater weight, the burden being upon the plaintiff to so satisfy you, you would answer this issue 'Yes'; in the second column or second line you would answer '$2,250.00, with interest.'"

In connection with the foregoing instruction, the court added, "Of course, if you do not believe the evidence and do not find the facts to be as the evidence and all of it tends to show by its greater weight, then you would not answer the issue YES, but would answer it NO."

The plaintiff's evidence in this case is not controverted, and where such evidence is sufficient to make out a case, as it is in the present action, a peremptory instruction will be upheld. *Stewart v. Jaggers,* 243 N.C. 166, 90 S.E. 2d 308; *Commercial Solvents, Inc. v. Johnson,* 235 N.C. 237, 69 S.E. 2d 716.

In the trial below we find

No Error.