CONTINENTAL CASUALTY COMPANY, Plaintiff,

v.

Michael L. WOODWARD, Defendant.

No. CIV. 102CV00758.

United States District Court, M.D. North Carolina.

Oct. 7, 2003.

Lee A. Spinks, Cynthia V. McNeely, Poyner & Spruill, LLP, Charlotte, NC, for plaintiff.

Zachary T. Bynum, III, Willis Everette Murphrey, IV, David E. Shives, Bynum & Murphrey, PLLC, Winston–Salem, NC, for defendant.

## *MEMORANDUM OPINION*

BULLOCK, District Judge.

Plaintiff Continental Casualty Company ("Continental") filed this diversity action against Defendant Michael Woodward ("Woodward") seeking a declaratory judgment that Continental is not obligated to compensate Woodward for an eye injury under his insurance policy. Woodward counterclaimed for breach of contract. Pursuant to Federal Rule of Civil Procedure 56, both parties have moved for summary judgment on the issue of Continental's payment obligation under the policy. Because neither party is entitled to judgment as a matter of law, both motions will be denied.

## FACTS

In February 1997, Continental contracted to insure Woodward under a policy covering accidental death or dismemberment. On April 8, 2001, Woodward fell in the bathroom aboard a cruise ship, punc-

turing his right eye with scissors. Woodward sustained a laceration of the conjunctiva inferiorly, which resulted in the vertical misalignment of his eyes and caused Woodward to suffer from double vision. After undergoing surgery to reattach the severed muscles in his eye, Woodward submitted an insurance claim to Continental. He sought compensation for his injury under the "dismemberment benefit" section of the policy, which covers "irrecoverable loss of the entire sight" of an eye within 365 days of injury.

While investigating Woodward's claim, Continental representatives spoke with Dr. William Young, Woodward's ophthalmologist. Dr. Young indicated that Woodward has 20/25 vision in his right eye and is not legally blind. Dr. Young also explained that Woodward can distinguish objects and colors, but that they are distorted. Woodward's principal problem, however, is his double vision. Because his eyes remain misaligned even after surgery, he can see well out of his right eye only if he covers his good left eye. With both eyes open, Woodward sees double unless he tilts his chin in a certain way and the objects in his field of vision remain fixed. If he blinks, his double vision returns. As a result, Dr. Young advised Woodward to wear a patch or an occluded contact lens over his right eye, blocking its sight to keep it from interfering with the uninjured left eye. When asked about the probability of restoring Woodward's binocular vision with additional medical procedures, Dr. Young indicated that further low-risk surgery could significantly improve Woodward's eye alignment. However, Dr. Young was "not optimistic" that Woodward's range of single vision would improve. (Dep. of William O. Young, M.D., in Supp. of Def.'s Mot. Partial Summ. J. at 21.)

## DISCUSSION

Summary judgment must be granted if there is no genuine issue as to any materi-al fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party bears the burden of persuasion on the relevant issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party may survive a motion for summary judgment by producing "evidence from which a [fact finder] might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When the motion is supported by affidavits, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393–94 (4th Cir.1994) (moving party on summary judgment motion can simply argue the absence of evidence by which the non-movant can prove her case). In considering the evidence, all reasonable inferences are to be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact finder] could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. 2505.

At issue in determining Continental's obligation is the policy provision authorizing compensation for "irrecoverable loss of the entire sight thereof" of the injured eye. The North Carolina Supreme Court first addressed this provision in *Bolich v. Provident Life & Accident Ins. Co.*, 205 N.C. 43, 169 S.E. 826 (1933). In *Bolich*, plaintiff sought recovery under an accident policy for an eye injury sustained during an automobile explosion. *Id.* at 44–46, 169 S.E. at 827. The trial court instructed the jury that the "loss of an eye means the entire loss for practical purposes." *Id.* at 47, 169 S.E. at 828. The

supreme court disagreed with these instructions and remanded the case for a new trial. The court reasoned that the "entire sight" provision was "free from uncertainty and ambiguity" and concluded that the trial court could not enlarge the insurance company's liability through its construction of the policy terms. *Id.*

Continental asserts that this strict interpretation of the policy provision still controls; however, the North Carolina Supreme Court has modified its stance in subsequent cases. In *Brinson v. Old Republic Life Ins. Co.*, 247 N.C. 85, 100 S.E.2d 246 (1957), the court reconsidered the "entire loss of sight" requirement in a case where plaintiff sought insurance benefits after his eye was injured during a fall. After surveying other jurisdictions' interpretations of the provision, the court stated, " 'We believe the true rule should be that where ... [a claimant] has lost all practical use of an eye, which practical use cannot be restored ... such amounts in effect to the loss of the eye.' " *Id.* at 86, 100 S.E.2d at 248 (quoting *Bilsky v. Mutual Ben. Health & Accident Ass'n*, 182 Misc. 122, 49 N.Y.S.2d 848, 851 (1944)).

Four years later, the North Carolina Supreme Court considered a similar issue under an accident insurance policy that provided coverage for "loss of finger entire." In evaluating the plaintiff's claim, the court employed the "loss of practical use" standard, citing *Brinson* as authority. *See Richardson v. Liberty Life Ins. Co.*, 254 N.C. 711, 716, 119 S.E.2d 871, 876 (1961) (holding that destruction of part of finger making finger useless is sufficient to constitute "loss of finger entire"). Other courts also have cited *Brinson* for the proposition that " 'entire loss' of the use of an eye does not mean blindness" but " 'that the sight left is of no practical use.' " *Rice v. Military Sales & Serv. Co.*, 621 F.2d 83, 86 (4th Cir.1980) (quoting *Brinson*, 247 N.C. at 87, 100 S.E.2d at 248); *see also Cotton v. Provident Life & Cas. Ins. Co.*, 951 F.Supp. 395, 400 (E.D.N.Y.1997); *Georgia Life & Health Ins. Co. v. Sewell*, 113 Ga.App. 443, 148 S.E.2d 447, 449 (1966); *Indep. Life & Accident Ins. Co. v. Wiggins*, 41 Ala.App. 534, 139 So.2d 619, 624 (1961).

Thus the question in the instant case is whether Woodward's eye injury constitutes an "irrecoverable loss of the entire sight" under the "loss of practical use" standard. Both Continental and Woodward have moved for summary judgment on this issue, but neither party can show that it is entitled to judgment as a matter of law. Woodward has presented sufficient evidence to raise a genuine issue of material fact and preclude summary judgment for Continental. *See Rice*, 621 F.2d at 87 (reversing a directed verdict for defendant insurance company on facts similar to the instant case because the question of "entire and irrecoverable loss of sight" was for the jury). However, given the nature of Woodward's injury, the notion that no reasonable jury could find for Continental is unpersuasive. *See Harlan v. Aetna Life Ins. Co.*, 6 Wash.App. 837, 496 P.2d 532, 534 (1972) (affirming denial of j.n.o.v. for plaintiff in eye injury case in which judge gave a "loss of useful vision" instruction and jury found in favor of defendant insurance company). Consequently, resolution of this issue will be reserved for the jury. *See Cotton*, 951 F.Supp. at 401 (denying plaintiff's and defendant's motions for summary judgment in case where plaintiff with injured eye challenged denial of insurance benefits, finding that "the issue of whether [plaintiff] suffered a sufficient loss of sight to support his claims is one of fact" for the jury); *Richardson*, 254 N.C. at 717, 119 S.E.2d at 876 (affirming trial court's denial of judgment of nonsuit in loss of hand case, stating that the evidence would persuade some jurors that

plaintiff sustained a total loss of his hand, while others might disagree).

## CONCLUSION

Because the facts do not show that either party is entitled to judgment as a matter of law, Continental's motion for summary judgment will be denied, and Woodward's motion for partial summary judgment will be denied.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

## *ORDER*

For the reasons set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiff's motion for summary judgment [Doc. # 11] is **DENIED**.

IT IS FURTHER ORDERED that Defendant's motion for partial summary judgment [Doc. # 13] is **DENIED**.