CITY OF WILMINGTON v. SHELDON PIGOTT AND WIFE, JANICE PIGOTT, AND
THE TRAVELERS INSURANCE COMPANY

No. 825DC1194

(Filed 18 October 1983)

Insurance § 149— municipal liability policy—building inspector's order to remove greenhouses

      A city building inspector's order that defendants remove two greenhouses from their property because he mistakenly believed they violated the city building code was not an "accident" which resulted in property damage "neither expected nor intended" by plaintiff city so as to constitute an "occurrence" which would be covered by multi-peril insurance policy purchased by the city.

APPEAL by defendant Travelers Insurance Company from *Lambeth, Judge.* Judgment entered 11 August 1982 in District Court, NEW HANOVER County. Heard in the Court of Appeals 29 September 1983.

On 10 May 1978 defendants Sheldon and Janice Pigott were informed by A. Haywood Rowan, chief building inspector for the City of Wilmington, that two greenhouses on their property did not meet the requirements of the city building code. The Pigotts were further advised that if the buildings were not brought into compliance with the code within 30 days they would have to be demolished. The two greenhouses were in fact removed by plaintiff at Rowan's direction at the conclusion of the 30 day period.

On 6 November 1978, after the removal of the buildings, the Pigotts received a letter from Rowan stating that if the greenhouses were less than 400 square feet they would be allowed. Since one of the two buildings in question was 216 square feet and, thus, clearly within the code, and the other was 416 square feet and, thus, easily conformable to the code, the Pigotts filed suit against the City of Wilmington, contending that they were entitled to damages for the loss of the greenhouses.

At the time of these events, the City of Wilmington had in effect a multi-peril policy with the Travelers Insurance Company. After receiving notice from the City of the Pigotts' complaint, Travelers denied coverage on the ground that there was no "occurrence" within the meaning of the policy.

A motion for summary judgment was granted as to defendant Rowan and subsequently affirmed on appeal. *See* 50 N.C. App. 401, 273 S.E. 2d 752 (1981). A similar motion was denied as to the City of Wilmington. The City then filed an action for declaratory judgment to determine the rights and obligations of all the parties involved. At that hearing it was determined that there was coverage available to the City under its policy with Travelers Insurance Company. From that judgment defendant Travelers Insurance appeals.

*Martin, Wessell and Owens, by John C. Wessell, III, for plaintiff-appellee.*

*Franklin L. Block for defendant-appellees.*

*Crossley and Johnson, by Robert W. Johnson, for defendant-appellant.*

ARNOLD, Judge.

Defendant Travelers Insurance contends that the court erred in ordering it to provide coverage to the City of Wilmington in that there was no "occurrence" within the meaning of the policy. We agree. The trial court's order is reversed.

Section 2, Coverage C of the insurance policy in question provides in part:

> The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which the insurance applies, *caused by an occurrence* . . . (emphasis added).

The definition section of the policy provides that " 'occurrence' means an *accident*, including continuous or repeated exposure to conditions, which results in bodily injury or property damage *neither expected nor intended from a standpoint of the insured.* " (Emphasis added.)

From the facts at hand then, in order for there to have been an "occurrence," ordering the Pigotts to remove their two greenhouses must have constituted an "accident" which resulted in property damage "neither expected nor intended" by the City.

Both plaintiff and defendant rely on the case of *Edwards v. Akion*, 52 N.C. App. 688, 279 S.E. 2d 894, *aff'd*, 304 N.C. 585, 284 S.E. 2d 518 (1981). In that case a garbage collector in the City of Raleigh became involved in an argument with the plaintiff over whether he should remove a tire from her backyard. The City had in effect a liability insurance policy which defined "occurrence" in a manner which is essentially the same as the definition involved in the case at hand. This Court held in *Edwards* that an intentional assault committed by a city employee, when neither expected nor intended by the City, was an occurrence if committed within the scope of the employer's duties. 52 N.C. App. at 693, 279 S.E. 2d at 897.

Defendant contends that the facts of *Edwards* are substantially different from those being considered here. We agree. In *Edwards*, it was clearly not expected or intended that the city employee assault residents along his route. His action did constitute an "accident" as defined by the policy.

The words "accident" and "accidental" have generally been held by the courts to mean "that which happens by chance or fortuitously, without intention or design, and which is unexpected, unusual, and unforeseen." 43 Am. Jur. 2d, Insurance, § 559, *Skillman v. Insurance Co.*, 258 N.C. 1, 7, 127 S.E. 2d 789, 793 (1962). We cannot label Inspector Rowan's order to the Pigotts to remove their greenhouses an "accident." The decision did not happen by chance and was not unexpected, unusual or unforeseen. It was certainly intended by the City that as chief building inspector Rowan would exercise his discretion to make these sorts of decisions as he saw fit. While Rowan may have mistakenly or erroneously interpreted the Wilmington building code, his conduct did not amount to an "accident." Since there was no showing at trial that the act of the City constituted an "accident," we find that there was no "occurrence" within the meaning of the multiperil insurance policy. The trial court's order is, therefore, reversed.

Reversed.

Judges PHILLIPS and EAGLES concur.