ALLSTATE INSURANCE COMPANY v. JESSICA A. RUNYON CHATTERTON, WALLACE NICHOLS, CONNEY T. CATHEY, Administrator of the Estate of Zachary Duane Cathey, WILLIAM SKIPPER and PAMELA SKIPPER

No. COA98-1416

(Filed 21 September 1999)

### 1. Insurance— homeowner's policy—exclusion—boating accident

The trial court did not err in a declaratory judgment action by excluding a boating accident from a homeowner's policy where plaintiff-insurer had shown the existence and applicability of a policy exclusion applying to watercraft and defendants contended that the exclusion did not apply because they had declared the watercraft as required by the policy in that their agent had previously written a boatowner's policy and had all of the information concerning the boat. The term "declare" is neither technical nor ambiguous and requires affirmative action by defendant; the agent's mere knowledge that plaintiffs owned a boat which would otherwise be excluded did not amount to a declaration by plaintiffs that they intended that the boat be covered.

### 2. Insurance— exclusion—grounds stated in denial letter—sufficient

An insurance company did not waive a policy exclusion by not asserting it in the denial letter where the letter clearly placed defendants (the policy holders) on notice of the grounds asserted for denial. Plaintiff was not required to anticipate the exception to the exclusion which defendants asserted.

Appeal by defendants Runyon Chatterton, Nichols and Cathey, Administrator, from judgment entered 12 August 1998 by Judge J. Marlene Hyatt in Buncombe County Superior Court. Heard in the Court of Appeals 25 August 1999.

**ALLSTATE INS. CO. v. CHATTERTON**

[135 N.C. App. 92 (1999)]

*Morris York Williams Surles & Barringer, by R. Gregory Lewis, for plaintiff-appellee Allstate Insurance Company.*

*Ball, Barden & Bell, P.A., by Ervin L. Ball, Jr., for defendant-appellant Wallace Nichols.*

*Long, Parker & Warren, P.A., by W. Scott Jones for defendant-appellants Jessica A. Runyon Chatterton and Conney T. Cathey, Administrator of the Estate of Zachary Duane Cathey.*

MARTIN, Judge.

Plaintiff Allstate Insurance Company (hereinafter "Allstate") brought this action seeking a declaratory judgment that it does not provide coverage, under a homeowners' insurance policy issued to defendants William Skipper and Pamela Skipper, for the underlying claims of the remaining defendants arising out of a boating accident which occurred on 3 May 1992 on Lake Lure in Rutherford County. On that date, William Skipper was operating a 17 foot motorboat powered by a 150 horsepower outboard motor when he collided with a smaller boat occupied by Wallace Nichols, Jessica Runyon Chatterton, and Zachary Duane Cathey. The collision resulted in Zachary Cathey's death and injuries to Jessica Runyon Chatterton and Wallace Nichols.

At the time of the collision, defendants Skipper were insured under two policies of insurance issued by Allstate: a boatowners' policy with liability coverage limits of $100,000, and a homeowners' policy with liability coverage limits of $100,000. Allstate paid its limits of liability under the boatowners' policy, but denied coverage under the homeowners' policy, claiming the incident was excluded from coverage by the terms of the policy. In its complaint in this action, Allstate asserted the following exclusion contained in the Skippers' homeowners' policy:

Section II—Exclusions

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

    f. arising out of:

(1) the ownership, maintenance, use, loading or unloading of a watercraft described below; . . . .

Watercraft:

(4) powered by one or more outboard motors with more than 25 total horsepower if the outboard motor is owned by an insured. But, outboard motors of more than 25 total horsepower are covered for the policy period if:

(a) You acquire them prior to the policy period and:

(I) you declare them at the policy inception; . . . .

Defendants answered, asserting that the foregoing exclusion does not apply because the Skippers declared the watercraft for insurability at the inception of the homeowners' policy.

The trial court concluded that the homeowners' policy did not provide coverage for the claims arising out of the 3 May 1992 collision and entered judgment in Allstate's favor. Defendants Jessica Runyon Chatterton, Wallace Nichols and Conney T. Cathey, Administrator of the Estate of Zachary Duane Cathey, appeal.

---

[1] Allstate maintains that the incident was excluded from coverage by the watercraft exclusion to the homeowners' policy; defendants contend the exclusion does not apply because the Skippers declared the boat for insurability at the inception of the policy. This Court has held that the burden is upon the insurer to establish the existence and applicability of a policy provision excluding coverage; the burden is upon the insured to prove the existence of an exception to the exclusion which is applicable to restore coverage. *Home Indemnity Co. v. Hoechst Celanese Corp.*, 128 N.C. App. 189, 494 S.E.2d 774 (1998). In this case, there is no dispute that these claims arose out of the Skippers' ownership and use of a watercraft powered by an outboard motor of more than 25 horsepower which was owned by the Skippers prior to the inception of the policy. Thus, Allstate has shown the existence and applicability of its policy exclusion and the dispositive question is whether defendants have proved that the Skippers declared the boat on their homeowners' policy so as to come within the exception to the exclusion.

The interpretation of language used in an insurance policy is a question of law, governed by well-established rules of construction. First of all, the policy is subject to judicial construction only where the language used in the policy is ambiguous and reasonably suscep- tible to more than one interpretation. *Trust Co. v. Ins. Co.*, 276 N.C.

348, 172 S.E.2d 518 (1970). In such cases, the policy must be construed in favor of coverage and against the insurer; however, if the language of the policy is clear and unambiguous, the court must enforce the contract of insurance as it is written. *Id.* Ambiguity in the terms of the policy is not established simply because the parties contend for differing meanings to be given to the language. *Id.* Nontechnical words are to be given their meaning in ordinary speech unless it is clear that the parties intended the words to have a specific technical meaning. *C.D. Spangler Const. Co. v. Industrial Crankshaft and Engineering Co., Inc.,* 326 N.C. 133, 388 S.E.2d 557 (1990). Use of the ordinary meaning of a term is the preferred construction, and in construing the ordinary meaning of a disputed term, it is appropriate to consult a standard dictionary. *Id.*

Defendants contend the Skippers "declared" the boat to Allstate's agent, Norris Tisdale, at the inception of the homeowners' policy because Tisdale had, at that time, all of the information concerning the boat since he had previously written the boatowners' policy for them. The term "declare" is neither technical nor ambiguous; it is defined in the American Heritage College Dictionary as: "1. To make known formally or officially. 2. To state emphatically or authoritatively; affirm. 3. To reveal or make manifest: show . . . ." *The American Heritage College Dictionary* (Third Edition 1997). Each of these definitions requires an affirmative action on the part of the declarant. No such declaration is shown by the evidence in this case.

The evidence shows that the Skippers purchased the boatowners' policy several months before they purchased the homeowners' policy at issue in this case. William Skipper testified that the only conversation he recalls having with Tisdale occurred when he purchased the boatowners' policy from Allstate through Tisdale in May 1986. When the Skippers subsequently purchased a new home in January 1987, Mr. Skipper testified that they not only purchased homeowners' coverage on the new home, but also "switched all of our car insurance, everything, to Allstate." This testimony cannot serve to support a finding of a declaration to cover the boat on the homeowners' policy, because the boat was already insured by Allstate. Purchase of the homeowners' policy was arranged through discussions between Tisdale and Pamela Skipper, who did not testify. Tisdale testified that he wrote the boatowners' policy for the Skippers in May 1986, obtaining from William Skipper all of the information required for the issuance of that policy. He testified that he did not recall the specific

discussions which occurred at the time he wrote the homeowners' policy in January 1987, but testified that the Skippers did not request to add the boat to the homeowners' policy. Had they made such a request, he would have recommended against it because such coverage would have been duplicative to that which they already had under the boatowners' policy. Moreover, if the Skippers had wanted additional liability coverage for the boat when they purchased the homeowners' policy, Tisdale testified that it would have been less expensive to increase the limits of liability of the boatowners' policy than to add the boat to the liability coverage afforded by the homeowners' policy.

Thus, there is no evidence to support a finding that, at the time they purchased the homeowners' policy, the Skippers stated or manifested to Allstate their intent to insure the boat under the homeowners' policy. We specifically hold that Tisdale's mere knowledge, at the time he issued the homeowners' policy, that the Skippers owned a boat which would otherwise be excluded from coverage thereunder, did not amount to a declaration by the Skippers that they intended that the boat be covered by the homeowners' policy.

[2] Defendants also argue that Allstate has waived the policy exclusion because it did not assert the exclusions as grounds for denying coverage in its denial letter. This contention is without merit. The denial letter stated

Personal Liability and Medical Payments to others do not apply to bodily injury or property damage arising out of watercraft powered by one or more outboard motors with more than 25 horsepower if the outboard motor is owned by an insured.

The denial letter clearly placed defendants upon notice of the grounds asserted by Allstate for denial of coverage and is the same exclusion relied upon by Allstate in this action. Allstate was not required to anticipate, in its denial letter, the exception to the exclusion which defendants asserted in their counterclaim.

The trial court correctly concluded that Allstate had proven the existence of a relevant exclusion to coverage, that defendants had not proven the existence of an exception to the exclusion which would restore coverage, and that the Skippers' Allstate homeowners' policy does not provide coverage for the 3 May 1992 incident. The judgment of the trial court is affirmed.

Affirmed.

Judges LEWIS and HUNTER concur.