MICHAEL KENNEDY AND WIFE, MICHELE KENNEDY, PLAINTIFFS v. HAYWOOD COUNTY, A BODY POLITIC AND CORPORATE WITHIN THE STATE OF NORTH CAROLINA PURSUANT TO N.C.G.S. § 153A-11, DEFENDANT

No. COA02-875

(Filed 17 June 2003)

**Immunity— sovereign—negligent building inspection**

Building inspectors are not law enforcement officers and defendant's purchase of liability insurance covering law enforcement officers did not serve to waive its sovereign immunity for claims of negligent building inspection. Moreover, exclusions for property damage claims have been held to include claims of damage from negligent inspection.

Appeal by plaintiffs from order entered 22 February 2002 by Judge Ronald K. Payne in Haywood County Superior Court. Heard in the Court of Appeals 27 March 2003.

*Brown Queen Patten & Jenkins, PA, by Frank G. Queen, for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by James R. Morgan, Jr., for defendant-appellee.*

LEVINSON, Judge.

Plaintiffs (Michael and Michele Kennedy) appeal from an order granting summary judgment in favor of defendant Haywood County. We affirm the trial court.

KENNEDY v. HAYWOOD CTY.

[158 N.C. App. 526 (2003)]

Plaintiffs filed an amended complaint against defendant on 17 March 2000, alleging that they had hired Hart Construction Company (Hart) to build a house on plaintiff's property, and that Hart failed "generally to complete and/or properly construct the dwelling and its load-bearing and structural elements." Plaintiffs alleged negligence on the part of defendant in issuing Hart a building permit; in its inspections of the construction; and in issuing a certificate of compliance. Plaintiffs alleged that defendant's negligence in failing to assure Hart's compliance with applicable building and construction codes had proximately caused damage to plaintiffs, in that their house was not structurally sound and had required substantial sums to "attempt to correct or at least ameliorate" the problems with the building.

On 12 June 2000, the case was transferred to superior court. Defendant moved for summary judgment on 5 January 2001, on the grounds that defendant was entitled to governmental immunity. On 22 February 2002 the trial court granted summary judgment for defendant on "each and every claim asserted by Plaintiff." From this order, plaintiffs appeal.

Plaintiffs appeal from an order granting summary judgment. Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2001); *Pacheco v. Rogers & Breece, Inc.*, —— N.C. App. ——, —— S.E.2d —— (2003). "The party moving for summary judgment bears the burden of establishing that there is no triable issue of material fact." *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 681, 565 S.E.2d 140, 146 (citing *Nicholson v. American Safety Utility Corp.*, 346 N.C. 767, 774, 488 S.E.2d 240, 244 (1997)). The moving party can meet this burden "by proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim." *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). In the instant case, defendant raised the affirmative defense of sovereign immunity.

" 'As a general rule, the doctrine of governmental, or sovereign immunity bars actions against, *inter alia*, the state, its counties, and its public officials sued in their official capacity.' " *Herring v.*

*Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 683, 529 S.E.2d 458, 461 (quoting *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493 (1993)), *disc. review denied*, 352 N.C. 673, 545 S.E.2d 423 (2000) (citation omitted). "The common law doctrine of sovereign immunity generally protects states and their political subdivisions, such as county governments, from suit for damages for tort liability based on performance of governmental functions." *Norton v. SMC Bldg.*, 156 N.C. App. 564, 566-67, 577 S.E.2d 310, 313 (2003).

Pursuant to N.C.G.S. § 153A-435 (2001), a county may waive its sovereign immunity by purchasing liability insurance:

> A county may contract to insure itself and any of its officers, agents, or employees against liability[.] . . . The board of commissioners shall determine what liabilities and what . . . employees shall be covered by any insurance purchased[.] . . . Purchase of insurance . . . waives the county's governmental immunity, *to the extent of insurance coverage*[.] . . . By entering into an insurance contract with the county, an insurer waives any defense based upon the governmental immunity of the county.

N.C.G.S. § 153A-435(a) (2001) (emphasis added). However, "[w]aiver of sovereign immunity may not be lightly inferred and State statutes waiving this immunity, being in derogation of the sovereign right to immunity, must be strictly construed." *Guthrie v. State Ports Authority*, 307 N.C. 522, 537-38, 299 S.E.2d 618, 627 (1983) (citation omitted).

In the case *sub judice* plaintiffs contend that defendant waived its sovereign immunity by purchasing liability insurance that covers their claims of negligent building inspection. Plaintiff argues that defendant's building inspectors are "law enforcement officers," and thus are covered by the Law Enforcement Coverage part of defendant's Professional Liability policy. We disagree.

Plaintiffs base their argument that building inspectors are law enforcement officers on the provisions of N.C.G.S. § 153A-352 (2001), directing local building inspectors "to enforce within the county's territorial jurisdiction State and local laws and local ordinances and regulations relating to . . . [t]he construction of buildings[,]" and stating that their duties include "bringing judicial actions against actual or threatened violations, . . . [of building construction] laws and ordinances and regulations." However, a building inspector's authority to,

*e.g.*, issue an order to stop construction of a building, does not transform a county building inspector into a law enforcement *officer.* Building inspectors have no authority to issue arrest warrants or other criminal process; are not certified law enforcement officers as provided in N.C.G.S. § 17C; do not take the oath required of law enforcement officers under N.C.G.S. § 11-11; and are not charged with providing police protection or enforcing criminal laws. Moreover, the North Carolina Supreme Court has previously indicated that building inspectors are not law enforcement officers:

> This Court *has not heretofore applied the public duty doctrine to a claim* against a municipality or county in a situation *involving any group or individual other than law enforcement.* After careful review of appellate decisions on the public duty doctrine in this state and other jurisdictions, *we conclude that the public duty doctrine does not bar this claim* against Lee County *for negligent inspection* of plaintiffs' private residence.

*Thompson v. Waters,* 351 N.C. 462, 465, 526 S.E.2d 650, 652 (2000) (emphasis added). In *Thompson,* the Court held that (1) the public duty doctrine was applicable only to law enforcement officers, and (2) that it was *not* applicable to county building inspectors. We hold, therefore, that county building inspectors are not law enforcement officers. For this reason, defendant's purchase of liability insurance covering law enforcement officers did not serve to waive its sovereign immunity as regards claims of negligent building inspection.

Moreover, defendant's insurance policy specifically excludes claims "for loss, damage to or destruction of any tangible property, or the loss of use thereof[.]" In *Norton v. SMC Bldg.,* 156 N.C. App. 564, 577 S.E.2d 310 (2003), the plaintiff brought an action for damages based on defendant-county's negligent building inspection. This Court considered an identical provision in the county's liability insurance and held:

> The words used in the exclusionary provision at issue here are non-technical and there is no evidence or assertion that they were intended to have a special meaning. . . . [T]he American Heritage Dictionary defines 'damage' as 'harm or injury to property . . ., resulting in loss of value or the impairment of usefulness.' *American Heritage Dictionary of the English Language,* 4th Ed. (2000). The disputed exclusionary provision is not ambiguous and, when construed and enforced according to its

plain meaning, it *clearly encompasses the construction defects plaintiffs allege resulted from the County's negligent building inspection.*

*Norton,* 156 N.C. App. at 569-70, 577 S.E.2d at 314 (emphasis added). We conclude that the holding of *Norton*—that the insurance policy exclusion of claims for property damage applies to claims of damage resulting from negligent inspection by county building inspectors— controls the outcome of the present case. Accordingly, we hold that the trial court did not err by granting summary judgment for defendant, and that the trial court's order is

Affirmed.

Judges McGEE and McCULLOUGH concur.